UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GREGORY M STELLY                    CIVIL ACTION NO. 6:15-cv-00188

VERSUS                              JUDGE FOOTE

BOBBY J GUIDROZ, ET AL.             MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending before the Court is a motion to dismiss filed by third-party

defendants, Daniel Edwards and Toby Aguillard. [Rec. Doc. 56]. The plaintiff's main

demand is pending before the undersigned pursuant to the parties' consent to trial

before the Magistrate Judge. [Rec. Doc. 43]. However, the third-party defendants did

not consent to a trial before the undersigned and their motion was referred to Judge

Foote.  Subsequently, their motion was referred to the undersigned for review, report,

and recommendation in accordance with the provisions of 28 U.S.C.§636 and the

standing orders of this Court. [Rec. Doc. 60].  The motion is opposed. [Rec. Doc. 58].

For the following reasons, it is recommended that the third-party defendants' motion

to dismiss should be granted.

## Factual Background and Procedural History

According to the complaint, on or about February 2, 2012, the plaintiff Gregory

Stelly was arrested by the St. Landry Parish Sheriff's Office and charged with

Computer Aided Solicitation of a Minor and Indecent Behavior with Juveniles. The

plaintiff was denied bail and was confined to the St. Landry Parish Jail. During the plaintiff's first pre-trial and then subsequent docket sounding, the district attorney's office did not submit any evidence or discovery and advised the court that the docket of the plaintiff's arrest had been misplaced. On or about February 4, 2013, the district attorney's office advised the court that the plaintiff's docket of arrest was still missing. At that time, the court set the plaintiff's bail at $20,000, but he remained confined because he was unable to afford his bail amount. On or about June 2013, the plaintiff's bail was reduced to $5,000, but he remained confined. The plaintiff was released from confinement on or about February 6, 2014 when the court ordered a nolle prosse of the plaintiff's case due to insufficient evidence.

On January 30, 2015, the plaintiff filed this lawsuit seeking damages resulting from his confinement. He asserted claims under 42 U.S.C. §1983 and Louisiana state law. The plaintiff's remaining claims[1] pursuant to Section 1983 are,  Count I which alleges the plaintiff was falsely arrested, Count II which alleges the plaintiff was falsely imprisoned, Count III which alleges that his conditions of confinement at the St. Landry Jail were unconstitutional, and Count V which alleges a *Monell* claim against the St. Landry Parish Sheriff. The plaintiff also has a state law claim based on

---

[1]    Count IV and VI of the plaintiff's claims were against the District Attorney and the Judges and both have been dismissed. [Rec. Docs. 30 & 32]

malicious prosecution. On March 9, 2017, the remaining defendants[2] filed a third-party complaint alleging that the plaintiff's arrest and detention was the result of an investigation conducted by the Internet Crimes Against Children Division of the Tangipahoa Parish Sheriff's Office. The defendants seek indemnification and/or contribution from third-party defendants Daniel Edwards, in his individual capacity and in his official capacity as Sheriff for Tangipahoa Parish and Toby Aguillard, in his individual capacity. In response, the third-party defendants filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The third-party defendants contend that the third-party complaint should be dismissed because it does not contain a valid claim for contribution and/or indemnity. First, the third-party defendants contend that the defendants' claims for contribution and/or indemnity regarding the plaintiff's claims in Count III and Count V should be dismissed because they are not responsible for any alleged confinement that occurred while the plaintiff was in the St. Landry Parish Jail or for any alleged defect in policies of the St. Landry Parish Sheriff's Office.  The third-party defendants also contend that the defendants' claims for contribution and/or indemnity regarding the

---

[2] The remaining defendants are Bobby J. Guidroz, in his individual capacity and in his official capacity as sheriff for St. Landry Parish, Wanda Gallien, in her individual capacity and in her official capacity as warden of the St. Landry Parish Jail, Craig Ortego, in his individual capacity, and Ricky Leger, in his individual capacity.

plaintiff's claims in Count I and Count II should be dismissed because they are prescribed on their face. Lastly, the third-party defendants contend that the defendants' third-party complaint should be dismissed because there is no right to contribution and/or indemnity under Section 1983 or Louisiana law based on any of the plaintiff's remaining claims.

In opposition, the defendants do not contest that any claim for contribution and/or indemnity under Count III and Count V should be dismissed.[3] Accordingly, the third-party defendants' motion to dismiss should be granted to the extent that it seeks dismissal of the claims for contribution and/or indemnity under Count III and Count V. The defendants also do not contest that their claims for contribution and/or indemnity under Count I and Count II should be dismissed because they raised the defense of prescription in their answer and they will assert that the plaintiff's claims are prescribed in their own motion. However, the defendants contend that they do have a right to contribution and/or indemnity under Section 1983 and federal common law.[4]

---

[3]     The third-party complaint does not clearly state which of the plaintiff's claims the defendants are seeking contribution and/or indemnity for from the third-party defendants. However, in the defendants' opposition they assert that they are not seeking contribution and/or indemnity regarding the plaintiff's claims under Count III and Count V.

[4]     The defendants do not address the third-party defendants argument that they do not have the right to contribution and/or indemnity under Louisiana law.

# Analysis

## A.     The Applicable Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[5]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[6]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[7]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[8] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[9]

---

[5]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[6]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[8]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[9]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In this case, the defendants impleaded the third-party defendants pursuant to Fed. R. Civ. P. 14. Sub-paragraph (a)(1) provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a) "exists to bring in third parties who are derivatively liable to the impleading party."[10] "The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory."[11] Under Rule 14, impleader is only proper "when a right to relief exists under the applicable substantive law; if it does not, the impleader claim must be dismissed. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed."[12]

## B.    No Right to Contribution and/or Indemnity under Section 1983

The third-party defendants contend that the defendants do not have a right to contribution and/or indemnity  for their claims under 42 U.S.C. §1983 as a matter of law. In response, the defendants rely on *Miller v. Apartment and Homes of New*

---

[10]     *Hassan v. La. Dep't of Transp. & Dev.*, 1999 WL 642861, at *2 (5th Cir. 1999).

[11]     *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334-335 (5th Cir.2011).

[12]     *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x at 335.

-6-

*Jersey* to assert that there is a right to contribution and/or indemnification under Section 1983. In *Miller*, the Third Circuit recognized an implied right to contribution based on federal common law in civil rights cases.[13] However, courts have questioned the procedural value of *Miller* based on the Supreme Court's decisions in *Northwest Airlines v. Transport Workers of America* and *Texas Industries v. Radcliff Materials*.[14]

In *Harris v. Angelina County*, the Fifth Circuit upheld a dismissal of a third-party complaint for contribution, but did not reach a decision regarding whether there is a right to contribution under Section 1983.[15] However, the court did note that most courts find no right to contribution in Section 1983 cases based on the Supreme Court's decisions in *Northwest Airlines* and *Texas Industries*.[16] This remains the

---

[13]     *Miller v. Apartments and Homes of New Jersey, Inc.*, 646 F.2d 101, 107 (3d Cir. 1981).

[14]     *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981); *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. 630 (1981). See *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.9 (5th Cir. 1994). See also *Hay v. Somerset Area School District*, 2017 WL 5029057 at *4 (W.D. Pa. 2017); *Bachelor v. Evans*, 2016 WL 6609188 (M.D. Fl 2016).

[15]     *Harris v. Angelina County, Tex.*, 31 F.3d 331 (5th Cir. 1994).

[16]     *Harris v. Angelina County, Tex.*, 31 F.3d at 338 n.9.

finding for the majority of district courts that have looked at the issue of whether there is a right to contribution under Section 1983.[17]

In *Northwest Airlines*, the Supreme Court held that there is no right to contribution under Title VII and the Equal Pay Act ("EPA").[18] In that case an employer sought contribution from a union for Title VII and Equal Pay Act ("EPA") violations caused by the employer's adherence to discriminatory wage rates demanded by the union in the collective bargaining agreement.[19] The employer argued that the union caused it to discriminate against the plaintiff class and should be liable to pay a proportion of the damages.[20] The Court concluded that no right of contribution could be implied into either Title VII or the EPA because: (1) neither statute expressly provided for a right of contribution; (2) the employer was not a member of

---

[17]    See *S.D.Crews v. Cnty. of Nassau*, 612 F.Supp.2d 199, 213 (E.D.N.Y.2009) ("this Court agrees with the clear majority of courts that, in general, permitting a right of contribution under Section 1983 would conflict with the policies underlying the statute and is, therefore, inapplicable to defendants in Section 1983 actions."); *Frantz v. City of Pontiac*, 432 F.Supp.2d 717, 721–22 (E.D.Mich.2006) (city did not have right of contribution under §1983 because §1983 does not authorize right of contribution); *Katka v. Mills*, 422 F.Supp.2d 1304, 1307–1310 (N.D.Ga.2006) ( "there is no right of contribution under §1983"); *Hepburn v. Athelas Inst.*, 324 F.Supp.2d 752, 755–760 (D.Md.2004) (finding no right to contribution in §1983 cases as "such a right is inconsistent with §1983"); *T.C.I. Cablevision v. City of Jefferson*, 604 F.Supp. 845, 847 (W.E.Mo.1984) (finding no right of contribution under §1983).

[18]    *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981).

[19]    *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. at 82.

[20]    *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. at 83.

the class which Title VII and the EPA were enacted to benefit; and (3) the legislative history did not indicate an intent to provide a right of contribution.[21] The Court further concluded that there is no right to contribution based on federal common law because it would be improper for a court to add a right of contribution to the statutory rights that Congress created in Title VII and EPA.[22]

In *Texas Industries*, the Supreme Court clarified a federal courts' limited powers to create federal common law and held that there is no right to contribution under the federal antitrust laws.[23] In that case, a concrete purchaser filed a civil suit against a concrete manufacturer alleging that the concrete manufacturer conspired with unnamed firms to raise concrete prices in violation of the Sherman Act and Clayton Act.[24] The concrete manufacturer sought contribution from its alleged co-conspirators under the federal antitrust laws.[25] The Court applied the *Northwest Airlines* factors and held that there is no implied right to contribution under the Sherman Act or the Clayton Act.[26] The Court stated that "if any right to contribution

---

[21]     *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. at 92-95.

[22]     *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. at 98.

[23]     *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. 630, 647 (1981).

[24]     *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 632-633.

[25]     *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 633.

[26]     *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 638-639.

exists, its source must be federal common law."[27] However, the Court recognized that federal common law should only be created in instances that "are 'few and restricted and fall into essentially two categories: those in which a federal rule of decision is 'necessary to protect uniquely federal interests,' and those in which Congress has given the courts the power to develop substantive law."[28] The Court further stated that "absent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases."[29]    The Court concluded that contribution among antitrust wrongdoers does not involve any of the narrow areas where federal common law exists and held that there is no federal common law right to contribution under the antitrust laws because Congress did not intend for federal courts to create one.[30]

---

[27]    *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 640.

[28]    *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 640 (quoting *Wheeldin v. Wheeler*, 373 U.S. 647, 651 (1963) and *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 426 (1964)).

[29]    *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 641.

[30]    *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. at 646.

In this case, analysis of the *Northwest Airlines* factors indicates that Section 1983 does not provide an implied right of contribution. First, Section 1983 does not expressly provide for a right of contribution.  Second, persons acting under the color of state law are not a member of the class Section1983 was intended to benefit. Section 1983 was intended to benefit persons who suffer a deprivation of their constitutional rights by persons acting under color of state law.[31]  Finally, neither party has directed this Court to any legislative history that indicates Congress intended to provide a right of contribution. Therefore, applying the *Northwest Airlines* factors, the Court concludes that Section 1983 does not provide a defendant with an implied right of contribution against a third-party. Furthermore, based on the same analysis undertaken in *Northwest Airlines* and *Texas Industries,* the Court concludes that there is no right to contribution under Section 1983 through federal common law. These conclusions are consistent with the decisions of other district courts in the Fifth Circuit that have addressed this issue.[32]

---

[31]     See *Robertson v. Wegmann*, 436 U.S. 584, 590–91, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) ("The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law.").

[32]     In *Wright v. Reynolds,* 703 F.Supp. 583, 590-592 (N.D. Tx. 1988), the district court found that there is no express or implied right to contribution or indemnification under Section 1988 and that Congress did not authorize courts to develop a federal common law regarding the rights of the persons who violate another's civil rights. In *Wright v. City of Tallulah*, 2014 WL 1788711 (W.D. La. 2014), this district court recognized that there is likely no right to contribution and/or indemnity under Section 1983.

-11-

This Court is not persuaded by *Miller* and concludes that there is no right to contribution and/or indemnity under Section 1983. Therefore, the defendants' claims for contribution and/or indemnity, to the extent they seek contribution and/or indemnity under Section 1983 or federal law, should be dismissed.

## C.    No Right to Contribution or Indemnity under Louisiana Law

The third-party defendants further contend that the third-party complaint should be dismissed because it fails to state a sufficient claim for contribution and/or indemnity under Louisiana law. This Court agrees.

### 1. Indemnification Claim

"It has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others."[33] "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement."[34] In this case, there is no basis for contractual indemnity because there is no mention of a contract between the defendants and the third-party defendants. Therefore, the defendants must state a claim for indemnity arising by operation of law.

---

[33]    *Marco Ltd. Partnership v. Bruks Inc.*, 430 Fed.Appx 332, 335 (5th Cir. 2011) (quoting *Bewley Furniture Co. v. Maryland Cas. Co.*, 285 So.2d 216, 219 (La.1973)).

[34]    *Marco Ltd. Partnership v. Bruks Inc.*, 430 Fed.Appx at 335 (quoting *Nassif v. Sunrise Homes, Inc.*, 729 So.2d 183, 185 (La. 1999)).

Legal indemnity "arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed."[35] A party "who is actually negligent or actually at fault cannot recover legal indemnity."[36] Therefore, a third-party claim for indemnity should be dismissed if "there is no foreseeable combination of findings, viewing the allegations of the pleadings... in the light most favorable to the party seeking indemnity, that could result in that party being cast in judgment for mere technical or passive fault."[37]

In this case, the defendants deny the plaintiff's allegations that they are at fault, but seek indemnification from the third-party defendants if they are determined to be responsible. However, the defendants do not allege that their potential fault is solely constructive or derivative. Instead, the defendants contend that the third-party defendants are liable and responsible for the plaintiff's claims.[38] The third-party

---

[35] *Marco Ltd. Partnership v. Bruks Inc.*, 430 Fed.Appx at 335 (quoting *Nassif v. Sunrise Homes, Inc.*, 729 So.2d 183, 185 (La. 1999)).

[36] *Marco Ltd. Partnership v. Bruks Inc.*, 430 Fed.Appx at 335 (quoting *Hamway v. Braud*, 838 So.2d 803, 806 (La.App. 1st Cir.2002)).

[37] *Marco Ltd. Partnership v. Bruks Inc.*, 430 Fed.Appx at 335 (citing *Threlkeid v. Haskins Law Firm,* 922 F.2d 265, 267-68 (5th Cir.1991)).

[38] Rec. Doc. 52 p. 3 ¶7

defendants contend that these allegations are insufficient to state an indemnity claim. In response, the defendants contend that their allegations are sufficient to state an indemnity claim because the defendants should be excluded from fault when the plaintiff's alleged damages were caused by the actions of the third-party defendants.

In *Wright v. City of Tallulah*, a similar issue was addressed by a court in this district and the court held that a third-party complaint fails to state a claim when the defendants merely allege that the third-party defendants should be responsible or liable for the plaintiff's allegations against the defendants.[39] The court stated,

> "Simply put, if plaintiff's allegations are true, defendants will be found actually at fault and will be directly liable; if defendants' allegations are true, defendants will not be liable at all. For these reasons, even taking the allegations in the third-party complaint as true and construing the third-party complaint in favor of defendants, it is clear that there is no foreseeable combination of findings that could result in defendants being cast in judgment for mere technical or passive fault."[40]

For the same reasons stated in *Wright*, the defendants' third-party complaint fails to state a claim against the third-party defendants. There is no foreseeable combination of findings that could result in the defendants being cast in judgment for mere technical or passive fault. To the contrary, the defendants will either be held responsible or not responsible for the plaintiff's claims. Therefore, the defendants

---

[39]     *Wright v. City of Tallulah,* 2014 WL 1788711, *4  (W.D. La. 2014).

[40]     *Wright v. City of Tallulah,* 2014 WL 1788711, *4  (W.D. La. 2014).

have failed to state an indemnification claim against the third-party defendants and the defendants' claims for indemnification under Louisiana law should be dismissed.

### 2. Contribution Claim

The defendants' claims seeking contribution from the third-party defendants should also be dismissed. Under Louisiana law, "the substantive basis for the right to claim contribution is subrogation to the plaintiff's rights against the remaining tortfeasors."[41] "The doctrine of contribution serves to mitigate the harsh effects of solidary liability by permitting a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from the other tortfeasors for their respective shares of the judgment."[42] However, in 1996, Louisiana Civil Code Article 2324 was amended to eliminate solidary liability, except where the tortfeasors conspire to commit an intentional or willful act.[43] In contrast, "non-intentional tortious acts are now considered joint and divisible, and each joint tortfeasor is liable only for the degree of fault attributed to his actions."[44]

---

[41]     *Hamway v. Braud*, 838 So.2d 803, 806 (La.App. 1 Cir.2002) (citing La. C.C. arts. 1804 and 1805; *Dennis v. The Finish Line, Inc.* 781 So.2d 12, 44 (La.App. 1 Cir. 2000)).

[42]     *Dennis v. The Finish Line, Inc.* 781 So.2d 12, 43-44 (La.App. 1 Cir.2000)

[43]     *Hamway v. Braud*, 838 So.2d at 807.

[44]     *Hamway v. Braud*, 838 So.2d at 807.

In this case, there are no allegations that the defendants conspired to commit the plaintiff's alleged wrongful acts. As a result, the doctrine of contribution does not apply because the defendants will only be liable for the degree of fault attributed to their actions and will not be held liable for any potential fault of the third-party defendants. Therefore, the defendants have failed to state a claim for contribution against the third-party defendants under Louisiana law and the claims for contribution under Louisiana law should be dismissed.

## CONCLUSION

In summary, the defendants did not contest that their claims for contribution and/or indemnity regarding the plaintiff's claims under Count III and Count V should be dismissed. Therefore, it is recommended that these claims be dismissed on that basis. It is further recommended that entirety of remainder of the defendants' third-party complaint should be dismissed because there is no right to contribution and/or indemnity under Section 1983 and the defendants failed to state a plausible claim against the third-party defendants for contribution and/or indemnity under Louisiana law.[45]

Considering the foregoing,

---

[45] Based on the finding that there is no right to contribution and/or indemnity for the defendants' claims, the Court will pretermit discussion regarding the argument that the plaintiff's claims under Count I and Count II are prescribed. This issue can be raised  in the main demand.

IT IS RECOMMENDED that the third-party defendants' motion to dismiss (rec. doc. 56) should be **granted** and the defendants' third-party complaint should be **dismissed with prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed this 15th day of March 2018, at Lafayette, Louisiana.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

-17-